UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **ELIZABETH LARUS,**<br><br>*Plaintiff*,<br><br>v.<br><br>**DEINDE FINANCIAL, LLC d/b/a INTEGRA CREDIT, DEINDE GROUP, LLC, and TRANSPORTATION ALLIANCE BANK, INC. d/b/a TAB BANK,**<br><br>*Defendants*. | Case Number:   6:22-cv-1082<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, **Elizabeth Larus** ("**Ms. Larus**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, **Deinde Financial LLC**, doing business as Integra Credit ("**Deinde Financial**"), **Deinde Group LLC** ("**Deinde Group**"), and **Transportation Alliance Bank, Inc.,** doing business as **TAB Bank,** ("**TAB Bank**") (jointly, "**the Defendants**") stating as follows:

**PRELIMINARY STATEMENT**

1.      This is an action by Ms. Larus against the Defendants for violations of the *Racketeer Influenced and Corrupt Organizations Act*, 18 U.S.C. § 1961, *et. seq.* ("**RICO**"), the *Electronic Funds Transfer Act*, 15 U.S.C. § 1693, *et. seq.* ("**EFTA**") the *Florida Consumer Collection Practices Act*, Florida Statute § 559.55, *et seq.* ("**FCCPA**"),

Page **1** of **22**

the Florida *Civil Remedies for Criminal Practices Act*, Florida Statute § 772.101, *et seq.* ("**CRCPA**"), and for unjust enrichment.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction for Plaintiff's RICO and EFTA claims arises under 18 U.S.C. § 1965, 15 U.S.C. § 1693, and 28 U.S.C. § 1331, as RICO and the EFTA are federal statutes.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4. The Defendants are subject to the jurisdiction of this Court pursuant to Florida Statute § 48.193 and Fed. R. Civ. P. 4(k).

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2), because the acts complained of were committed and/ or caused by the Defendants within the Middle District of Florida.

## PARTIES

6. **Ms. Larus** is a natural person residing in the City of Orlando, Orange County, Florida.

7. Ms. Larus is a *Consumer* as defined by the FCCPA, Florida Statutes § 559.55(8).

8. **Deinde Financial** and **Deinde Group** are both Delaware corporations with a primary business address of 120 S Lasalle St, Suite 1600, Chicago, IL 60603.

9. Deinde Financial and Deinde Group are not registered to conduct business within the State of Florida.

10. The registered agent for Deinde Financial and Deinde Group is Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

11. **TAB Bank** is a Utah corporation with a principal business address of 4185 Harrison Blvd., Suite 200, Ogden, UT 84403.

12. TAB Bank's Florida registered agent is Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

## FACTUAL ALLEGATIONS

### Ms. Larus' Integra Credit Loan

13. Around October 14, 2021, Ms. Larus obtained a $2,250 loan from integracredit.com ("Integra Credit") (the "**Integra Credit Account**" or "**Loan**").

14. The interest rate on the Loan was **141.0284%** annually. **SEE PLAINTIFF'S EXHIBIT A.**

15. Ms. Larus used the proceeds from the Integra Credit Account to make personal and household purchases.

16. The balance on the Integra Credit Account thus meets the definition of *Debt* under the FCCPA, Florida Statute § 559.55(6).

17. Florida Statutes § 687.02(1) renders extensions of credit made at interest rates greater than 18% per year usurious.

18. Florida Statutes § 687.071(3) renders extensions of credit made at interest rates greater than 45% a third-degree felony.

19. Florida Statutes § 687.071(7) renders any extension of credit made in violation of Florida Statutes § 687.071 void and unenforceable.

20. Any person who willfully makes such an extension of credit, in addition to subjecting themselves to criminal sanctions, forfeits the right to collect payment for the extension of credit, as such extensions of credit are "void as against the public policy of the state as established by its Legislature." *Richter Jewelry Co. v. Schweinert*, 169 So. 750, 758-59 (Fla. 1935).

21. Indeed, even the recovery of the principal balance made at usurious rates is impermissible under Florida law. *Rollins v. Odom*, 519 So. 2d 652, 656 (Fla. Dist. Ct. App. 1988).

22. The Integra Credit Account is subject to an annual interest rate exceeding 100% and is thus void *ab initio* and unenforceable under Florida law.

23. The balance on the Integra Credit Account is therefore an *unlawful debt* per Florida Statutes § 772.102(2)(a)(3) and 18 U.S.C. § 1961(6).

### The Defendants' Business Model

24. Formed in 2014, Deinde Group is a Chicago-based "FinTech" business which uses proprietary methods to make extensions of credit and loans to consumers at interest rates which are illegal in most states, including Florida.

25. Deinde Group is the parent company to more than a dozen related limited liability companies, including Deinde Financial, Integra Credit One, LLC,

Integra Credit Two, LLC, Integra Credit Three, LLC, Integra Credit Four, LLC, Integra Credit Five, LLC.

26.     Deinde Group "is led by a team of seasoned consumer finance and risk analytics executives, with prior experience including TitleMax, a $400 million nonprime consumer lender, and Enova, a $800 million nonprime consumer lender." *See* VPC Specialty Lending Investments PLC, 2020 Annual Report.

27.     Deinde Group claims that Integra Credit loans are made by TAB Bank and then serviced by one of its non-bank subsidiaries, such as Deinde Financial.

28.     However, TAB Bank had virtually no involvement in the underwriting or approval of Ms. Larus's Integra Credit Account.

29.     Likewise, TAB Bank had no involvement in the billing, collection, or service of the account.

30.     The money used to fund Ms. Larus extension of credit was provided by Deinde Group, or its subsidiaries and investors, and not TAB Bank.

31.     Deinde Financial provided Ms. Larus with her account statements and with disclosures required by the Truth in Lending Act.

32.     On information and belief, Deinde Financial holds all documents pertaining to the Integra Credit Account.

33.     Deinde Financial performs all, or virtually all, of the activities related to is lending business -- including collection, servicing, payment and remittance operations, either directly or through its contractors.

34. TAB Bank lends its name and status as a state-chartered bank to Deinde Group, a non-bank entity.

35. As a chartered bank, loans issued by TAB Bank are not subject to foreign state interest laws. *See* 12 U.S.C. § 85.

36. Utah, TAB Bank's "home" state, has no *per se* cap on interest rates, although its laws do prohibit unconscionable business practices, which can include usury.

37. Thus, by TAB Bank claiming to be the "true lender" of Ms. Larus's loan, Deinde and TAB Bank assert the loans are exempt from Florida's criminal and civil statutes prohibiting usury.

38. Such deals are frequently referred to as "rent-a-bank" schemes.

39. Pursuant to this model, once the Integra Credit loan was made "by" TAB Bank to Ms. Larus, the loan was almost immediately sold by TAB Bank and assigned to Deinde Financial.

40. TAB Bank also "partners" with several other FinTechs to make consumer loans.

41. TAB Bank offers no credit card products or other unsecured consumer loans directly, and its consumer lending business is overwhelmingly generated by its "partnerships" with entities like Deinde Group.

42. In essence, Deinde Group launders its Integra Credit loans through TAB Bank, claiming that TAB Bank is the true lending entity, despite the fact the loan is

funded with a credit line controlled only by Deinde Group and its subsidiaries, underwritten and approved by Deinde Group, and collected by Deinde Group.

43. Deinde Group further indemnifies TAB Bank of any potential loss related to the Integra Credit loans.

44. No capital belonging to TAB Bank is actually at risk in the making of Integra Credit loans.

45. TAB Bank collects a small, but guaranteed, fee for each loan or extension of credit originated as part of the rent-a-bank scheme with Deinde Group.

46. TAB Bank is also paid a small amount of the profits (e.g., in the single-digit range) from Integra Credit loans.

47. Deinde Group maintains a cash collateral account with TAB Bank, an alternative collateral account, and letters of credit which benefit TAB Bank.

48. This provides three extra layers of protection for TAB Bank, at the expense of Deinde, to ensure TAB Bank loses no money even if a loan the bank "made" does not perform.

49. Deinde Group, not TAB Bank, has the predominant economic interest in Integra Credit loans.

50. Thus, TAB Bank was not the true lender of Ms. Larus's Integra Credit Account. *See Fulford v. Marlette Funding, LLC,* No. 17CV30376 and *Fulford v. Avant of Colorado, LLC*, No. 17CV30377 (Colo. Dist. Ct. Denver County Aug. 13, 2018).

51. Consumers who are looking to obtain financing from Integra Credit must apply at www.IntegraCredit.com, not through TAB Bank's own website.

52. Deinde Financial frequently obtains credit reports on consumers from nationwide *credit reporting agencies* ("CRAs"), including Trans Union.

53. Records of the inquiries show Deinde Financial requesting the report for itself, and not "on behalf" of some other entity, like TAB Bank. **SEE PLAINTIFF'S EXHIBIT B.**

### Defendants Violate the EFTA By Requiring Electronic Payment

54. When Ms. Larus, like all other Integra Credit consumers, applied for a loan, she was required to provide her bank routing and account numbers.

55. IntegraCredit.com will not allow an application for credit to proceed without the consumer supplying bank account information. **SEE PLAINTIFF'S EXHIBIT C.**

56. When Ms. Larus was approved for a loan, she was provided with several documents to electronically sign, including a Consumer Installment Loan agreement and a "voluntary electronic debit payment authorization."

57. The "voluntary electronic debit payment authorization" includes a provision whereby Ms. Larus consented to the Defendants initiating ACH debits from her account to make the required bi-weekly loan payments.

58. However, while crouched as voluntary, the Defendants will not approve a loan application which does not contain a signed, "voluntary" electronic payment agreement.

59. While a consumer like Ms. Larus can elect to terminate the electronic payment agreement and make payments by check through the mail, such actions can be taken only *after* the loan is originated.

60. The Defendants' business model of making unsecured subprime consumer loans depends greatly on being able to debit loan payments concurrently to when the consumer is paid, thereby being the "first in line" to receive proceeds from the consumer's newest paycheck.

61. Loan applicants like Ms. Larus are required to disclose to the Defendants on what day they are paid, and if they are paid weekly or bi-weekly, and other relevant information.

62. Under Regulation E, the implementing regulation of the EFTA, "[n]o ... person may condition an extension of credit to a consumer on the consumer's repayment by preauthorized electronic fund transfers...." 12 C.F.R. § 205.10(e)(1); 15 U.S.C. § 1693k(1).

63. Thus, despite the ostensibly "voluntary" electronic payment agreement, in reality, the Defendants conditioned the loan on Ms. Larus, like all other consumers it serves, providing consent to ACH debits.

64. Ms. Larus has made payments to the Defendants for the null, void, and unenforceable loan made to her.

65. Deinde Financial directly or through agents or subsidiaries, made collection calls to Ms. Larus, and sent her collection e-mails and text messages.

66. Deinde Financial was acting pursuant to policies and procedures put in place by Deinde Group.

67. Ms. Larus has been damaged in that she has paid the Defendants for an extension of credit which is void and usurious pursuant to Florida law.

68. Ms. Larus also suffered severe emotional distress as a result of the Defendants' attempts to collect an unenforceable account.

69. Ms. Larus has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF 18 U.S.C § 1962(a)
## All Defendants

70. Ms. Larus incorporates Paragraphs 1 – 69 as if fully restated herein.

71. The Defendants, through their joint operation and control of Integra Credit, constitute an "enterprise" under RICO, 18 U.S.C. § 1961(4).

72. The Defendants violated **18 U.S.C § 1962(a)** when each they received proceeds directly and indirectly from the collection of an unlawful debt – Ms. Larus's line of credit – and each utilized a portion of the income derived from the collection to further establish and assist the operations of the enterprise.

73. The Defendants utilized the internet, telephone and mail to reach across state lines in the operation of Integra Credit, including through collection calls, credit reporting, and ACH withdrawals and deposits to and from Ms. Larus's Florida bank account.

74. Accordingly, the Defendants are jointly and severally liable to Ms. Larus for treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

## COUNT II
### VIOLATIONS OF 18 U.S.C § 1962(b)
### All Defendants

75. Ms. Larus incorporates Paragraphs 1 – 69 as if fully restated herein.

76. The Defendants, through their joint operation and control of Integra Credit, constitute an "enterprise" under RICO, 18 U.S.C. § 1961(4).

77. The Defendants violated **18 U.S.C § 1962(b)** when each they received proceeds directly and indirectly from the collection of an unlawful debt – Ms. Larus's line of credit – and each utilized a portion of the income derived from the collection to further their interests in the enterprise.

78. The Defendants utilized the internet, telephone and mail to reach across state lines in the operation of Integra Credit, including through collection calls, credit reporting, and ACH withdrawals and deposits to and from Ms. Larus's Florida bank account.

79. Accordingly, the Defendants are jointly and severally liable to Ms. Larus for treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

## COUNT III
### VIOLATIONS OF 18 U.S.C § 1962(c)
### All Defendants

80. Ms. Larus incorporates Paragraphs 1 – 69 as if fully restated herein.

81. The Defendants, through their joint operation and control of Integra Credit, constitute an "enterprise" under RICO, 18 U.S.C. § 1961(4).

82. The Defendants each associated with the enterprise and participated in the affairs of the enterprise, which existed for the purpose of collection of unlawful debt.

83. The Defendants' participation in the enterprise violated 15 U.S.C. § 1962(c) and caused Plaintiff to repay amounts on her unlawful extension of credit.

84. The Defendants utilized the internet, telephone and mail to reach across state lines in the operation of Integra Credit, including through collection calls, credit reporting, and ACH withdrawals and deposits to and from Ms. Larus's Florida bank account.

85. Accordingly, the Defendants are jointly and severally liable to Ms. Larus for treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

## COUNT IV
## VIOLATIONS OF 18 U.S.C § 1962(d)
## All Defendants

86. Ms. Larus incorporates Paragraphs 1 – 69 as if fully restated herein.

87. The Defendants violated **18 U.S.C § 1962(d)** by conspiring with each other, and other persons, to issue and collect unlawful debts through Integra Credit.

88. The Defendants each took actions in furtherance of this conspiracy. For example, at various times, the Defendants have: (a) issued credit to Ms. Larus; (b) initiated ACH deposits and withdrawals to Ms. Larus's bank accounts (c) attempted

collection of the credit line through emails and phone calls to Ms. Larus; and/or (d) claimed ownership of Integra Credit accounts to provide a guise of issuance from a bank.

89. The Defendants utilized the internet, telephone and mail to reach across state lines in furtherance of their conspiracy.

90. Accordingly, the Defendants are jointly and severally liable to Ms. Larus for treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

## COUNT V
## VIOLATIONS OF THE FCCPA - FLA. STAT. § 559.72(9)
## Deinde Financial and Deinde Group

91. Ms. Larus incorporates Paragraphs 1 – 69 as if fully restated herein.

92. Deinde Financial and Deinde Group violated **Florida Statutes § 559.72(9)**, by attempting to enforce Ms. Larus's loan, and by asserting the legal right to do so, when they collected, and attempted collection of the loan via ACH withdrawals, emails, and calls to Ms. Larus.

93. Ms. Larus' loan is void per Florida law, and no legal right to collect it existed.

94. The Defendants' actions were willful, intentional, and done for the express purpose of collecting an unenforceable debt from Plaintiff and profiting from it.

95. The Defendants each knew of the illegal nature of the loans, as the Defendants have gone to great lengths to attempt to avoid Florida law through use of a "rent-a-bank" scheme.

96. Accordingly, the Defendants are jointly and severally liable to Plaintiff for her actual damages, statutory damages of up to $1000.00, punitive damages, costs, and attorney's fees pursuant to Fla. Stat. § 559.77.

97. Plaintiff further seeks an injunctive preventing the Defendants from further collection of Plaintiff's account.

## COUNT VI
### VIOLATIONS OF THE CRCPA – FLA. STAT. § 772.103(1)
### All Defendants

98. Ms. Larus incorporates Paragraphs 1 – 69 as if fully restated herein.

99. The Defendants, through their joint operation and control of Integra Credit, constitute an "enterprise" under the CRCPA, Fla. Stat. § 772.102(3).

100. The Defendants violated **Florida Statutes § 772.103(1)** when each they received proceeds directly and indirectly from the collection of an unlawful debt – Ms. Larus's line of credit – and each utilized a portion of the income derived from the collection to further establish and assist the operations of the enterprise.

101. Accordingly, the Defendants are jointly and severally liable to Ms. Larus for treble damages, costs, and attorney's fees pursuant to Florida Statutes § 772.104(1).

## COUNT VII
### VIOLATIONS OF THE CRCPA – FLA. STAT. § 772.103(2)
### All Defendants

102. Ms. Larus incorporates Paragraphs 1 – 69 as if fully restated herein.

103. The Defendants, through their joint operation and control of Integra Credit, constitute an "enterprise" under the CRCPA, Fla. Stat. § 772.102(3).

104. The Defendants violated **Florida Statutes § 772.103(2)** when each they received proceeds directly and indirectly from the collection of an unlawful debt – Ms. Larus's line of credit – and each utilized a portion of the income derived from the collection to maintain their interest in the enterprise.

105. Accordingly, the Defendants are jointly and severally liable to Ms. Larus for treble damages, costs, and attorney's fees pursuant to Florida Statutes § 772.104(1).

## COUNT VIII
### VIOLATIONS OF THE CRCPA – FLA. STAT. § 772.103(3)
### All Defendants

106. Ms. Larus incorporates Paragraphs 1 – 69 as if fully restated herein.

107. The Defendants, through their joint operation and control of Integra Credit, constitute an "enterprise" under CRCPA, Fla. Stat. § 772.102(3).

108. The Defendants each associated with the enterprise and participated in the affairs of the enterprise, which existed for the purpose of collection of unlawful debt.

109. The Defendants' participation in the enterprise violated **Fla. Stat. § 772.103(3)** and caused Plaintiff to repay amounts on her unlawful extension of credit.

110. Accordingly, the Defendants are jointly and severally liable to Ms. Larus for treble damages, costs, and attorney's fees pursuant to Florida Statutes § 772.104(1).

## COUNT IX
## VIOLATIONS OF THE CRCPA – FLA. STAT. § 772.103(4)
## All Defendants

111. Ms. Larus incorporates Paragraphs 1 – 69 as if fully restated herein.

112. The Defendants violated **Fla. Stat. § 772.103(4)** by conspiring with each other, and other persons, to issue and collect unlawful debts through Integra Credit.

113. The Defendants each took actions in furtherance of this conspiracy. For example, at various times, the Defendants have: (a) issued credit to Ms. Larus; (b) reported Ms. Larus's line of credit to Trans Union; (c) initiated ACH deposits and withdrawals to Ms. Larus's bank accounts (d) attempted collection of the credit line through a call to Ms. Larus; and/or (e) claimed ownership of Integra Credit accounts to provide a guise of issuance from a bank.

114. Accordingly, the Defendants are jointly and severally liable to Ms. Larus for treble damages, costs, and attorney's fees pursuant to Florida Statutes § 772.104(1).

## COUNT X
## UNJUST ENRICHMENT

115. Ms. Larus incorporates Paragraphs 1 – 69 as if fully restated herein.

116. The extension of credit issued by Integra Credit to Plaintiff charged an interest rate which rendered it void and unenforceable in Florida.

117. Plaintiff conferred a benefit on Defendants when she made payments on the extension of credit, as she had no obligation to do so and, therefore, Defendants were owed nothing.

118. Defendants knew, or should have known, of the benefit; and Defendants have been unjustly enriched through their receipt of any amounts in connection with the unlawful credit line such that it would be inequitable for Defendants to retain the money they received.

119. Accordingly, Plaintiff seeks to recover from Defendants, jointly and severally, all amounts repaid on her Integra Credit account.

## COUNT XI
## VIOLATIONS OF THE EFTA

120. Ms. Larus incorporates Paragraphs 1 – 69 as if fully stated herein.

121. The Defendants violated **15 U.S.C. § 1693k(1),** either willfully and intentionally, or recklessly and without regard for a consumer's rights, when they conditioned the approval of a loan upon Ms. Larus "voluntarily" agreeing to electronic payments, with her only real recourse being to modify such agreement *after* the loan was originated.

122. Accordingly, Plaintiff seeks to recover from Defendants, jointly and severally, her actual damages, statutory damages of $1000, costs, and attorney's fees pursuant to 15 U.S.C. § 1693m.

## DEMAND FOR JURY TRIAL

Ms. Larus hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court enter judgment on behalf of herself and against the Defendants for:

1. An award of actual, treble, punitive, and statutory damages as pled herein;

2. An award of attorneys' fees, litigation expenses, and costs of suit;

3. Injunctive relief preventing the Defendants from further collection of Plaintiff's Account; and,

4. Such other relief as the Court deems just and proper.

Respectfully submitted this June 21, 2022, by:

**SERAPH LEGAL, P. A.**

/s/ Bryan J. Geiger
Bryan J. Geiger, Esq.
Florida Bar # 119168
BGeiger@seraphlegal.com
1614 N. 19th St.
Tampa, FL 33605
Tel: 813-321-2348
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A    Plaintiff's Federal Truth in Lending Act Disclosures
B    Ms. Larus' Trans Union Consumer Disclosure, March 14, 2022, The Deinde Inquiry - Excerpt
C    Integra's Application – Bank Account and Income Verification